IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

THERESA MORAN, et al.,

                      Plaintiff,              Case No. 3:05 CV 7184

    -vs-                                          <u>MEMORANDUM OPINION</u>

GUARDIAN AUTOMOTIVE
 PRODUCTS, INC.,

                      Defendant.

KATZ, J.

      This matter is before the Court on Plaintiffs' Motion to Remand (Doc. No. 6), to which Defendant has filed a Response (Doc. No. 8) and an amendment thereto (Doc. No. 12). Plaintiff has filed a Reply (Doc. No. 10) and an amendment thereto (Doc. No. 15).

      This is a wrongful termination case filed on March 15, 2005, in Wyandot County, Ohio Court of Common Pleas, alleging solely state law violations. The same day, the Wyandot County Clerk of Courts mailed the summons and complaint to the Defendant's place of business by certified mail, thereby effectuating service of process. O.R.C. § 1703.041(H); Ohio Civ. R. 4.2(F); Ohio Civ. R. 5(B). Defendant filed its notice of removal on April 19, 2005, based on diversity jurisdiction. The sole issue before this Court is whether Defendant's removal was timely pursuant to 28 U.S.C. § 1446(b).

      For the reasons that follow, Plaintiffs' Motion to Remand shall be granted.

## BACKGROUND

The facts, in the light most favorable to the non-moving party, follow.

On March 15, 2005, Plaintiffs filed their suit in Wyandot County Court of Common Pleas alleging violations of Ohio law. That same day, the Clerk of Courts mailed the summons and complaint to Defendant's place of business by certified mail. On March 16, 2005, Diana Rogers signed for the summons and complaint, thereby signifying that Defendant received the summons and complaint, at the Defendant's place of business.

On March 21, 2005, the Human Resources Manager ("HRM") located at Defendant's place of business received the summons and complaint through inter-office mail. The HRM immediately contacted counsel.

On April 18, 2005, Defendant's counsel's secretary, Dawn Giles, contacted the Clerk of Courts for the United States District Court for the Northern District of Ohio inquiring about how to handle the filing fee for the removal petition when filing the petition electronically. When the Clerk informed Ms. Giles that removal petitions could not be filed electronically, Defendant's counsel caused the removal petition to be overnighted to the Clerk of Courts, which resulted in an April 19, 2005, filing date.[1]

## DISCUSSION

Both Plaintiffs and Defendant agree that, after considering the relevant federal law, if this Court accepts March 15 as the date of service, then the removal petition had to be filed by April 18. *See* 28

---

[1] The Local Civil Rules for the Northern District of Ohio, provide, in Appendix B, which is entitled "Electronic Filing Policies and Procedures Manual," that "[c]ase initiating documents" such as notices of removal are to be filed on paper, not electronically. N.D. Ohio L. Civ. R., app. B, at 2.

2

U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise. . ."); Fed. R. Civ. P. 6(e) (extending filing times in certain instances by three days).

Defendant is essentially asking this Court to overturn its decision in *Hardy v. Square D. Co.*, 199 F. Supp. 2d 616 (N.D. Ohio 2002) and find that it is not equitable to use March 15 as the proper date Defendant received the summons and complaint. In support of its contention, Defendant fails to cite any relevant cases. This Court will follow its precedent in *Hardy* and grant the motion to remand.

## *A. Standard for Removal*

Courts generally construe 28 U.S.C. § 1446(b) strictly in favor of state court jurisdiction and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 535 (6th Cir. 1999). "However, while the removal requirements are strictly applied, they should also be given practical effect in accordance with the statute's apparent intent." *Standifird v. Town of Boxborough*, No. 00-1386, 2000 U.S. App. LEXIS 25706, at *2 (1st Cir. Oct. 16, 2000) (citing *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301–02 (10th Cir. 1968); *McGuigan v. Roberts*, 170 F. Supp. 372, 373–74 (S.D.N.Y. 1959)). *See also Shelton v. City of Hartford*, No. 98 CV 2393, 1999 U.S. Dist. LEXIS 4875, at *2 (D. Conn. Feb. 23, 1999).

The party seeking removal bears the burden of establishing that removal is proper. *Her Majesty the Queen in the Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel, Co.*, 257 U.S. 92, 97–98 (1921)). Courts generally regard a defendant's failure to comply with the statute's procedural requirements as grounds for remand.

The removal statute must be strictly construed out of "due regard for the rightful independence of state governments. . ." *Jones v. Woodmen Accident & Life Co.*, 112 F. Supp. 2d 676, 677–78 (N.D. Ohio 2000) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

The thirty-day time limitation to file a removal petition is mandatory. *Finley v. The Higbee Co.*, F. Supp. 2d 701, 702 (N.D. Ohio 1997) ("Failure to comply with the thirty day limitation to file a petition for removal is an absolute bar [to removal] regardless of whether the removal would be proper if timely filed.") (quoting *Sanborn Plastics v. St. Paul Fire and Marine Ins. Co.*, 753 F. Supp. 660, 664 (N.D. Ohio 1990).

### *B. Computation of the Removal Statute's Thirty Day Filing Period*

Plaintiffs insist that this Court use March 15, the day the summons and complaint were mailed to Defendant, as the triggering date for the thirty day filing period. Defendants ask that March 21, the day someone with decision-making ability found out about the lawsuit, be used as the triggering date. All parties agree that if March 15 is the proper triggering date, then the removal petition was not timely filed; that the removal petition needed to be filed by April 18, 2005, instead of when it was actually filed on April 19.

28 U.S.C. § 1446(b) provides that the removal notice must be filed "within thirty days after the receipt by the defendant, *through service or otherwise*." (emphasis added). This point is critical: section 1446(b) contemplates application of each state's service rules when calculating the triggering date. *Hardy*, 199 F. Supp. 2d at 680. In Ohio, "service by mail is complete *upon mailing*." Ohio Civ. R. 5(B) (emphasis added).

In the instant action, Plaintiffs effectuated service of process through certified mail, and this was the manner by which Defendant first received a copy of the summons and complaint. Therefore, "receipt," for purposes of the removal statute, was through "service," and the trigger date would be March 15, the day the summons and complaint was mailed by certified mail. Applying the three-day mailbox rule of Fed. R. Civ. P. 6(e), the proper date for filing the removal petition was April 18.

Defendant insists, however, that, despite service being proper, this Court should not use March 15 as the triggering date, but rather use March 21. In support of this contention, Defendant puts forth several arguments, none persuasive.

Defendant first cites to *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351–52 (1999) for the proposition that the removal statute is only triggered when the defendant receives the complaint. This is not true. The *Murphy* Court held that when a summons and complaint are served upon a defendant simultaneously, the time-frame for removal begins at once. *Id*. It is irrelevant that a person of import, the HRM, did not see the summons and complaint until March 21. The Defendant was in receipt of the documents on March 16, and, for purposes of Ohio service law, was deemed to be in receipt of the documents on March 15.

Defendant next claims that, because it was required by statute to have, and had, a registered agent for service of process, it was improper for Plaintiffs to serve the corporate location by certified mail. This contention is completely without merit. Ohio Revised Code § 1703.041 is the statute that requires businesses doing business in Ohio to have a registered agent for service of process. However, the statute explicitly states that "[t]his section does not limit or affect the right to serve process upon a foreign corporation *in any other manner permitted by law*." (emphasis added). Plaintiffs were

5

completely within their rights to serve Defendant in the way they did. Ohio Civ. R. 4.2(F) (domestic and foreign corporations can be served: 1) by serving the authorized agent; 2) "*by serving the corporation by certified. . .mail at any of its usual place of business*"; or 3) by serving an officer of the corporation (emphasis added)). Plaintiffs were permitted certified mail as their method of service, the fact that Defendant had a registered agent notwithstanding.[2] Defendant may not extend the amount of time it had to file its removal petition simply because Plaintiffs' proper method of service was not Defendant's *preferred* method of service.

Finally, Defendant asks this Court to deny Plaintiffs' motion because Defendant was only late in filing by one day; Defendant asks for equitable relief. As noted above, the removal statute is to be strictly construed and applied. Assuming, arguendo, that this Court were able to grant a one-day delay in filing, Defendant has not shown why this Court should do so. It is Defendant's burden to know what mail is received and when it is received. It is Defendant's counsel's duty to verify the operative dates. Indeed, defense counsel stated in her brief "that she did not have her staff pull the certificate of service receipt from the Ohio court docket to verify [her impression that] the March 21, 2005 service date [was the proper date], which could have been done if extra diligence had been exercised." It appears that defense counsel simply failed to properly appreciate the correct filing date.

---

[2] Defendant primarily cites two cases for the proposition that, when a company has a registered agent for service of process, the agent must be served. However, in all of the cases Defendant cites, the plaintiff was *required* to serve the agent, a requirement not found in Ohio. *See Vaughan v. L.G. Barcus & Sons, Inc.*, No. 99-3506, 2000 U.S. Dist. LEXIS 196 (E.D.L.A. Jan. 10, 2000); *Miles v. Banque Paribas*, No. 95-56870, 1997 U.S. App. LEXIS 1389 (9th Cir. Jan. 21, 1997). Contrary to Defendant's assertions, these cases, even if they were binding on this Court, which they are not, do not create a requirement to serve a registered agent when other proper means of service of process are available.

Finally, Defendant insists that it was ready, willing, and able to file the removal petition on April 18, 2005, but that it incorrectly assumed it could electronically file the petition. As noted previously, however, the proper procedure for filing a notice of removal is clearly set out in the local rules. Defendant has provided no explanation for its failure to familiarize itself with this Court's rules, or, for that matter, for its counsel's failure, upon learning of the rule on April 18, to travel from Detroit to Toledo to file a hard copy of the removal petition in a timely fashion.

## **CONCLUSION**

Under Ohio law, service was complete upon Defendant on March 15. Defendant agrees that, under a strict construction of the removal statute, it was required to file its petition by April 18. Defendant's petition was not filed until April 19. Therefore, Defendant's removal petition was not timely filed as required by 28 U.S.C. § 1446(b).

For the foregoing reasons, Plaintiffs' Motion to Remand is hereby granted.

IT IS SO ORDERED.

                                               s/ *David A. Katz*
                                               DAVID A. KATZ
                                               SENIOR U. S. DISTRICT JUDGE